Lewis N. Stoddard, Bar Number 7766
HALLIDAY, WATKINS & MANN, P.C.
Attorneys for LSF10 Master Participation Trust
300 W. Main St., Ste. 150
Boise, ID 83702
Telephone: 801-355-2886
Facsimile: 801-328-9714
Email: lewis@hwmlawfirm.com
File No.: ID10409

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF IDAHO

| In re: | Case No.: 22-40460-JMM |
|---|---|
| MARILYNN LYNN THOMASON, | Chapter: 13 |
| Debtor. | |

**JOINDER IN TRUSTEE'S MOTION TO DISMISS WITH A BAR TO REFILING AND OBJECTION TO EXTENSION FO THE AUTOMATIC STAY (Dkt. No. 16)**

COMES NOW LSF10 Master Participation Trust ("LSF10") and hereby joins in the Trustee's Motion to Dismiss the present case with a bar to refiling and objection to extension of the automatic stay in all respects and for the following additional reasons.

Having been deemed to be a vexatious litigant by the Idaho Supreme Court, Marilynn Lynn Thomason ("Thomason") is quickly becoming a serial bankruptcy filer, for the sole admitted purpose of interfering with a State Court ordered Eviction, as opposed to obtaining a "fresh start" from burdensome debts which is a fundamental goal of the federal bankruptcy laws. As noted by the United States Supreme Court in *Local Loan Co. v. Hunt,* 292 U.S. 234, 244 (1934), bankruptcy

> …gives to the honest but unfortunate debtor…a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt.

Thomason's bankruptcy filings, including her latest filing plainly fall outside of the fundamental goals of bankruptcy and while it is LSF10's position that the present bankruptcy, much like her last bankruptcy, has been filed in bad faith, the Bankruptcy Code presumes bad faith where Thomason has already had another Chapter 13 case dismissed in the last year.

Specifically, 11 U.S.C. § 362(c)(3) addresses serial filings such as the one at hand and provides that if a second case is filed less than a year after the first case is dismissed, the automatic stay terminates after 30 days absent a motion to extend it which must be noticed and heard within that time frame. Section (C) goes on to provide that a serial case is "presumptively filed not in good faith" as to all creditors if it is a repeat filing in less than a year, and the prior case was dismissed after the debtor failed to "file or amend the petition or other documents as required by this title or the court without substantial excuse…" amongst others, or where "there has not been a substantial change in the financial or personal affairs of the debtor since dismissal of the last case." *See* 11 U.S.C. § 362(c)(3)(C)(i)(I)-(III).  With respect to LSF10 specifically, 11 U.S.C.  § 362(c)(3)(C)(ii) notes that a case is not filed in good faith with respect to any creditor that obtained relief from the automatic stay.

Thomason's latest Chapter 13 filing and proposed plan is a mirror image of the same plan from her prior case that was deemed non-confirmable.  Debtor's schedules reflect that she is solvent and her own filings expressly state that this serial filing is to avoid eviction, which was the same underpinning of her prior filing.  For the foregoing reasons, LSF10 joins in Trustee's motion to dismiss but also opposes any extension of the automatic stay because she cannot overcome the presumption of bad faith.

LSF10 also objects to any extension of the automatic stay on procedural grounds. Specifically, the automatic stay can only be extended beyond 30 days upon motion, notice and

hearing within the 30 day period. In the case at hand, Thomason has not filed a request for extension of the automatic stay in the present case.

Rather, Thomason filed a request to extend/reimpose the automatic stay in her prior Bankruptcy Case No. 21-40435, which is presently set for hearing on November 28, 2022 and which is defective because such relief cannot be granted because "once the automatic stay of §362(a) has been terminated, it may not be 'reinstated' on the debtor's motion." *In re Wallace,* 2012 WL 202586 (Bankr. D. Idaho, January 24, 2012). As noted by the Honorable Terry L. Meyers, "while the court can be generous in interpretation, it is still [Debtor's] burden to establish a proper legal basis for the relief sought." *Id.; citing to Arnold v. Gill (IN re Arnold),* 252 B.R. 778, 781 n.2 (9th Cir.BAP2000)(noting that "*Pro se* appellants are accorded some leeway, but cannot ignore the Code and Rules and the rules of this court.").

Dated: November 16, 2022

/s/ Lewis N. Stoddard
Lewis N. Stoddard, Bar Number 7766
HALLIDAY, WATKINS & MANN, P.C.
Attorneys for LSF10 Master Participation Trust

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that I served a true and correct copy of the above-listed pleading on the individuals listed below by hand delivering, mailing, with the correct postage thereon, or through electronic notification to those parties registered with the U.S. Courts District of Idaho CM/ECF system, on November 16, 2022.

Marilynn Lynn Thomason
2184 Channing Way #251
Idaho Falls, ID 83404
Debtor
Via U.S. Mail

Kathleen A. McCallister
POB 1150
Meridian, ID 83680
Chapter 13 Trustee
Via ECF

United States Trustee
Washington Group Central Plaza
720 Park Blvd, Ste 220
Boise, ID 83712
Via ECF

I certify that I also served and electronic copy of the foregoing on Marilynn Thomason via email at leevesper2013@gmail.com

                                                /s/ Lewis N. Stoddard
                                                Lewis N Stoddard
                                                Attorney for Movant