# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| In Re: <br><br> **MARILYNN THOMASON,** <br><br> Debtor. | **Bankruptcy Case Nos. 21-40435-JMM and 22-40460-JMM** |
|---|---|

### MEMORANDUM OF DECISION DENYING A STAY ON APPEAL

*Introduction*

Debtor Marilynn Thomason ("Debtor") filed a Motion for Stay Pending Appeal in both of her bankruptcy cases. BK1[1] Doc. Nos. 268 & 275; BK2 Doc. Nos. 50 & 57. Debtor set the motions for hearing on January 30, 2023. BK1 Doc. No. 276; BK2 Doc. No. 58. The Court conducted the hearing on that date, after which it took the motion under advisement. Upon consideration of the parties' arguments and the applicable law, the Court now issues this memorandum decision that resolves the motion. Rule 9014; § 102(1)(B).[2]

---

[1] For clarity, the Court will designate citations to the docket in the first bankruptcy case, 21-40435-JMM, as BK1 Doc. No.," and the second bankruptcy case, 22-40460-JMM, as BK2 Doc. No."

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

MEMORANDUM OF DECISION–1

*Relevant Facts and Procedural History*

On July 16, 2021, Debtor filed a chapter 13 petition. *In re Thomason,* 21-40435-JMM, at BK1 Doc. No. 1.[3] On July 29, she filed schedules, in which she listed $7,861,101 in assets including $1,282,000 in real property, and only $176 in liabilities consisting of a monthly electric bill. BK1 Doc. Nos. 16 & 33. Debtor listed $166 in monthly net income. *Id.*

On September 8, 2021, the LSF10 Master Participation Trust ("Trust") moved for relief from the automatic stay for the purpose of "[t]erminating and annulling the automatic stay as it applies to the enforcement by Movant of its rights in the property located at 7276 West 3200 South, Rexburg, ID 83440…." BK1 Doc. No. 41. Following briefing and several hearings, the Court granted the motion and denied a subsequent motion to reconsider, which decision Debtor appealed. BK1 Doc. Nos. 50, 62, 70, 73, 101, 103–04, 107, 119, 122–23 & 138. That appeal remains pending before the District Court. *Thomason v. LSF10 Master Participation Trust*, 22-00022-DCN.

On October 7, 2021, Debtor objected to the proof of claim filed by WaFd Bank ("WaFd"), which objection was overruled and WaFd's claim was allowed in the amount of $139,565.81. BK1 Doc. Nos. 67 & 162–63. Debtor also appealed this decision, which appeal was dismissed. BK1 at Doc. No. 191; *Thomason v. Washington Federal Savings*

---

[3] Debtor has filed four separate cases, two bankruptcy and two adversary, in the bankruptcy court since July 2021. As the Court will reference the dockets of each, the following designations will be made:
*In re Thomason,* 21-40435-JMM will be referred to as "BK1 Doc. No."
*In re Thomason,* 22-40460-JMM will be referred to as "BK2 Doc. No."
*Thomason v. LSF10 Master Participation Trust*, 22-8003-JMM will be referred to as "Adv.1 Doc. No."
*Thomason v. LSF10 Master Participation Trust*, 22-8019-JMM will be referred to as "Adv.2 Doc. No."

MEMORANDUM OF DECISION–2

*aka WaFd*, 22-00140-DCN at Doc. No. 12. On November 28, 2022, Debtor moved for reconsideration of the dismissal of the appeal. 22-00140 at Doc. No. 14. That motion remains pending before the District Court.

On January 5, 2022, Debtor filed a document in the main bankruptcy case titled "Thomason's Notice of Removal Bankr. Rule 9027, 28 U.S.C. 1441(a), 28 U.S.C. 1452 and 28 U.S.C. 1334" ("Notice of Removal.") BK1 Doc. No. 143. Pursuant to Rule 7001(10), Debtor was required to commence an adversary proceeding in which to adjudicate the removal matter. Accordingly, on January 10, 2022, Debtor commenced an adversary proceeding, *Thomason v. LSF10 Master Participation Trust*, 22-08003-JMM. Adv.1 Doc. No. 1. On April 4, 2022, Debtor filed an Amended Notice of Removal ("Amended Removal"). Adv.1 Doc. No. 5.

The Amended Removal indicated that Debtor was removing a state court action from the Seventh Judicial District of the State of Idaho, Madison County, with the case number of CV-33-21-0078 and captioned *LSF10 Master Participation Trust, Plaintiff vs. Byron T. Thomason, Marilynn Thomason, All Current Occupants of the Premises, Defendants*, as well as a subsequent action with the case number CV-33-22-0155. *Id.*

On July 13, 2022, this Court issued a Report and Recommendation by which it recommended that the District Court remand the state court proceedings back to the state court. The District Court adopted the recommendation, and the state court cases were remanded. Adv.1 Doc. No. 9; *Thomason v. LSF10 Master Participation Trust*, 22-00175-DCN at Doc. No. 6.

MEMORANDUM OF DECISION–3

While all this was going on, Debtor was still in a chapter 13 case and needed to have a plan confirmed.  She filed proposed plans on July 30, 2021, September 27, 2021, January 13, 2022, and March 17, 2022.  BK1 at Doc. Nos. 22, 53, 150, & 185.  Each plan was denied confirmation on specific grounds, which Debtor chose not to correct in subsequent plans.  On March 29, 2022, the chapter 13 trustee moved to dismiss Debtor's bankruptcy case on numerous grounds.  BK1 Doc. No. 194.  Subsequently, Debtor filed a third amended plan which failed to address the fatal flaws in Debtor's prior plans, and the Court again denied confirmation.  BK1 Doc. No. 205.  Thereafter, the Court granted the trustee's motion to dismiss.  BK1 Doc. Nos. 223 & 224.  Debtor moved for reconsideration of that order, which the Court denied on August 5, 2022.  BK1 Doc. Nos. 229, 236 & 239.

On November 8, 2022, in response to Trust's renewed eviction efforts, Debtor filed a new chapter 13 petition.  BK2 Doc. No. 1.  In connection with that filing, she moved for an extension of time to obtain the required credit counseling.  BK2 at Doc. No. 6.  On November 8, 2022, the same day she filed the second bankruptcy case, Debtor also moved to extend the automatic stay pursuant to §§ 362(c)(3)(B) and (c)(4)(B), but filed that motion in the first bankruptcy case.  BK1 at Doc. No. 252.  Trustee moved for dismissal of the second bankruptcy case, in which motion Trust joined.  BK2 Doc. Nos. 16 & 25.  On November 28, 2022, the Court heard oral argument on Debtor's motion to extend the automatic stay as well as Trustee and Trust's motions to dismiss.  BK2 Doc. No. 35.  At the conclusion of the arguments, the Court orally denied the motion to extend the stay with respect to Trust, as it had received stay relief in the first bankruptcy case,

MEMORANDUM OF DECISION–4

and entered an order to that effect. *Id.* at Doc. Nos. 35–36. On December 6, 2022, this Court issued a memorandum decision and order granting the motions to dismiss the case. BK2 Doc. Nos. 41 & 42.

The same day the second bankruptcy case was filed, Debtor also commenced a new adversary proceeding by which she removed state court cases to the bankruptcy court. Adv.2 Doc. No. 1.[4] Trust promptly moved for dismissal of the adversary proceeding. Adv.2 Doc. No. 3. The Court heard oral argument on the motion on December 19, 2022, and on December 22, 2022, the Court issued a Report and Recommendation by which it recommended that the District Court remand the state court cases back to the state court. Adv. 2 Doc. Nos. 13 & 14.

On December 9, 2022, Debtor filed a notice of appeal indicating her election to appeal to the Ninth Circuit Court of Appeals along with a motion to certify the case for direct appeal and a motion for stay pending appeal. BK1 Doc. Nos. 266–68; BK2 Doc. Nos. 48–50. On December 22, 2022, Debtor filed an Amended Notice of Appeal as well as a Motion to Extend Automatic Stay on Notice of Appeal. BK1 Doc. Nos. 275 & 277; BK2 Doc. Nos. 57 & 59. She set the motions for hearing on January 30, 2023. BK1 Doc. No. 276; BK2 Doc. No. 58. A few days later, on December 28, 2022, Debtor again amended her notice of appeal and filed an "Emergency Motion Under Circuit Rule 27-3 of Movants-Appellants Marilnn [sic] Thomason to Expedite Proceedings and to Preserve

---

[4] Interestingly, Debtor chose to attach the new adversary proceeding to the first bankruptcy case which had already been dismissed, rather than the subsequent bankruptcy filing.

MEMORANDUM OF DECISION–5

the Status Quo Until Appeals Conclude." BK1 Doc. Nos. 278–79; BK2 Doc. Nos. 61–62.

On January 3, 2023, the Court declined to certify the appeal to the Ninth Circuit in a written decision and order. Doc. Nos. 64, 65. The order required Debtor to choose either the BAP or the District Court by a specific date, otherwise the appeal would be sent to the BAP. Debtor has made no election but asserts her right to appeal to the Ninth Circuit without certification.

The notice of appeal states that Debtor is appealing "from al [sic] orders under [the first bankruptcy case] and [the second bankruptcy case]," apparently including orders not entered at the time as well as those on appeal before the District Court. BK2 Doc. No. 48.

*Analysis*

A. Applicable Legal Standard

Rule 8007(a)(1)(A) permits the bankruptcy court to stay a judgment, order, or decree of the bankruptcy court, pending appeal.[5] While giving the court the power to do so, however, the rule itself provides no standard upon which to consider whether a stay is appropriate. The general authorities applicable to a request for a stay pending appeal were summarized in a prior case in which Debtor was involved:

> "The standard for evaluating stays pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Lopez v. Heckler,* 713 F.2d 1432, 1435 (9th Cir. 1983).

---

[5] The Rule provides that, "[o]rdinarily, a party must move first in the bankruptcy court for [ ] relief." In this way, the Rule recognizes the possibility of a subsequent request for a stay made to the district court or BAP if the appellant is unsuccessful at the trial court.

MEMORANDUM OF DECISION–6

> In order to obtain a stay pending appeal, [movant/appellant] must demonstrate: 1) a likelihood of success on the merits; 2) irreparable injury if the stay is denied; 3) no substantial harm will come to [appellee]; and 4) that the stay will do no harm to the public interest. *Wymer v. Wymer (In re Wymer),* 5 B.R. 802, 806 (9th Cir. BAP 1980). The appellant bears the burden of proving that all of these elements are satisfied in a particular case. *In re Irwin,* 338 B.R. 839, 843 (E.D. Cal. 2006) (quoting *In re Shenandoah Realty Partners, L.P.,* 248 B.R. 505, 510 (W.D. Va. 2000)). Failure to establish even one of the elements dooms the motion. *Id.* (quoting *In re Deep,* 288 B.R. 27, 30 (N.D.N.Y. 2003)).

*In re Frantz*, 534 B.R. 378, 384–86 (Bankr. D. Idaho 2015) (quoting *Thomason Farms, Inc. v. Thomason (In re Thomason),* 2007 WL 2257662 at *2 (Bankr. D. Idaho Aug. 3, 2007) (footnote omitted).

The Ninth Circuit has outlined the factors as "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Lair v. Bullock,* 697 F.3d 1200, 1203 (9th Cir. 2012) (quoting *Nken v. Holder,* 556 U.S. 418, 434, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009)). As such, the party seeking a stay pending appeal bears a heavy burden. *Frantz*, 534 B.R. at 385–86. Moreover, the Bankruptcy Appellate Panel has observed that the power to grant a stay "should be sparingly employed and reserved for the exceptional situation." *Id.* at 386 (quoting *In re Wymer*, 5 B.R. at 806.)

The Court will analyze Debtor's motion in light of this standard.

MEMORANDUM OF DECISION–7

B. Orders on Appeal

As noted above, Debtor is apparently appealing *every* order the Court has issued in two bankruptcy cases and two adversary proceedings, including ones not yet entered but associated with the January 30, 2023, hearing. Of course, in the adversary proceedings, Debtor's appeal would need to stem from District Court orders, as the bankruptcy court made only recommendations, and hence are not final, appealable orders. Accordingly, this Court will not consider a stay pending appeal on the removals of the state court cases contained in the adversary proceedings.

In her most recent notice of appeal, Debtor lists the following orders she intends to appeal:

1. ORDERS and DECISIONS made in connection with hearing held on Monday, December 19th, 2022 as well as, newly received orders and rulings, which are also being added to the scheduled hearing set for January 30, 2023 at 1:30 PM along with the 4:22-mc-00175-DNC, dkt. 6, "Amended Order … dkt 2…",
2. Dec. 6, 2022 Doc 43 Order Denying Automatic Stay, Case 22-40460-JMM;
3. Dec. 6, 2022 Notice and Order Re: Plan Exhibits Doc 9, Case 22-40460-JMM;
4. Dec. 6, 2022 Order Denying Automatic Stay with Respect to LSF10 Master Participation Trust 22-40460-JMM, Doc 36;
5. Dec 6, 2022 Order Denying Automatic Stay with Respect to LSF10 Master Participation Trust 21-40435-JMM, Doc 258;
6. Dec 6, 2022 Order Denying Automatic Stay in Case 21-40435-JMM;
7. Dec 6, 2022 Order Denying Extension of Time Case 22-40460-JMM;
8. Dec 6, 2022 Order Granting LSF10 Dismissal Case 22-40460-JMM;
9. Dec 6, 2022 Order Granting Trustee Dismissal Case 22-40460-JMM;
10. Dec 6, 2022 Doc 41 Memorandum of Court Case 22-40460-JMM;
11. Dec 9, 2022 Order Directing Payment to Trustee, Case 22-40460-JMM;
12. Dec 12, 2022 Trustee Final Report, Case 22-40460-JMM
13. Dec 19, 2022 Hearing for issues alleged by LSF10, WaFd and Trustee, without Due Process Upon Thomason; among other issues or orders received after this filing of a SECOND amended appeal NOTICE, HEREAFTER.

MEMORANDUM OF DECISION–8

BK1 Doc. No. 277; BK2 Doc. No. 59.[6]

C.  Analysis

    *1.  Likelihood of Success on the Merits*

The Court begins by analyzing the likelihood of success on the merits of Debtor's appeals of various orders.  In doing so, the Court is mindful that ultimately, the question is whether, and to what extent, Debtor has shown a likelihood of success.  *See Frantz*, 534 B.R. at 385 (citing *Dynamic Fin.Corp. v. Kipperman (In re North Plaza, LLC),* 395 B.R. 113, 121 (S.D. Cal. 2008) (determining that "[s]howing a 'likelihood of success' requires that the movant raise questions going to the merits [that are] so serious, substantial, difficult and doubtful as to make them fair ground for litigation and thus for more deliberate inquiry.") (citing *County of Alameda v. Weinberger,* 520 F.2d 344, 349 n.12 (9th Cir. 1975)).

Rather than raise serious questions on the merits of the Court's orders, however, Debtor asserts the existence of a scheme between bank lawyers and the chapter 13 trustee to "take physical possession of over $10 Million USD in real property for their own gain" absent any claim upon estate assets, and alleges that the bankruptcy trustee "falsified documents upon the court, claiming [Debtor] was served notice and under the trustee's claims that [Debtor] was in violation of the Title 11 rules, only to show that the trustee had falsified filings with the court."  BK2 Doc. Nos. 50 & 57.  She seeks an extension of

---

[6] The Court has removed several duplicate entries contained in Debtor's list.

MEMORANDUM OF DECISION–9

the stay "to maintain status quo, preventing laundering of deeds and money via non-debtors in these matters…." *Id.* Such is not a proper basis for a stay pending appeal. In short, Debtor does not take specific issue with the Court's rulings, but rather argues that she is the victim of a scheme to defraud her of her property and this Court needs to right that alleged wrong. The majority of these allegations arise from the Debtor's dissatisfaction with decisions entered by the Idaho state courts. But peering over the state court's shoulder and inspecting its work is not the place of the federal bankruptcy court. There are mechanisms of appeal within the state courts to have rulings and judgments reviewed. The bankruptcy court is not a proper forum for Debtor's disputes with these holdings.

The overarching difficulty with Debtor's bankruptcy cases is twofold. The first problem is summed up in her statement that she "has no debt that is tied to any asset in [Debtor's] estates" that would require posting of security. *Id.* What Debtor misses is the fact that this also strongly suggests she does not need the bankruptcy process at all, especially if she will not use the bankruptcy system to structure payment of judgments entered in the state courts. The second problem with her cases is evident from her statement that a stay pending appeal is necessary "to preserve justice and maintain the integrity of the US Title 11 program and to prevent the use of the Title 11 program to launder deeds and money for non-creditors." *Id.* Debtor apparently forgets that is *she* who brought matters into the bankruptcy court in the first place. It is natural for all creditors, whether she acknowledges them or not, to assert their presence in the process. Handpicking creditors to acknowledge and then asking this Court to retry matters nearly

MEMORANDUM OF DECISION–10

or fully resolved by the state court regarding other creditors she chooses not to acknowledge is improper on many levels and is an abuse of the bankruptcy process.

  Considering the specific orders she seeks to have stayed pending appeal, anything entered in 4:22-mc-00175-DNC may not be stayed by this Court. That is a district court case, and it must stay its own orders. Turning to orders entered by this Court, the Order Re: Plan Exhibits was more in the nature of an administrative order, intended to protect private information and comply with the Local Bankruptcy Rule. Even so, the Court concludes Debtor's likelihood of success in appealing this order is next to zero. It is extremely doubtful the appellate court would reverse that order and require this Court to circulate (and openly publish on its docket) exhibits that contain personally identifying information.

  The next orders Debtor takes issue with are those denying an extension of the automatic stay beyond the 30 days permitted by Code for serial filings as to both Trust and other creditors. This Court finds the likelihood of success to be low. The denial of the extensions was not a close call based on the language of § 362(c)(4) and the Court's prior findings. Moreover, Debtor has not raised any issues suggesting further inquiry is needed, including at the January 30, 2023 hearing.

  Next, the Court will consider whether its order denying an extension of time to complete credit counseling is likely to stand on appeal. The Court concludes that Debtor baldly did not comply with the requirements of the statute, making it unlikely Debtor would be successful on appeal.

MEMORANDUM OF DECISION–11

As for the orders dismissing the second bankruptcy case, Debtor brings forth no argument to suggest the Court erred and the dismissal would be overturned on appeal, including her arguments at the January 30, 2023 hearing. Indeed, in its decision, the Court listed several independent grounds for dismissal, any one of which would be sufficient for affirmance by the appeals court. Debtor has not provided sufficient grounds to demonstrate she would likely be successful on appeal.

Next, Debtor argues for stay of a "Dec 9, 2022 Order Directing Payment to Trustee, Case 22-40460-JMM." The Court's docket does not reflect any such order. Therefore, a stay pending appeal of this non-existent order is denied. The same is true for Debtor's request to stay the Trustee's Final Report. Trustee filed her final report on December 9, 2022, BK2 Doc. No. 47, but the Court has not yet entered an order.[7] Accordingly, there is no order to stay pending appeal and Debtor's motion is denied.

Finally, Debtor seeks a stay pending appeal on an order this Court *might* enter regarding due process issues she may raise. While Debtor filed a "Notice of Due Process" alleging certain issues associated with her receipt of docket items in the mail, she designated the filing as a notification, and as such, no action on the Court's part was required, nor was an order entered. Accordingly, there is no basis for a stay pending appeal on any alleged due process violations.

As stated above, the case law is clear that Debtor must satisfy all four factors. Having failed on the first factor, the Court need not consider any of the remaining three.

---

[7] Rule 5009(a) gives Debtor 30 days in which to object to the final report. She has not done so.

MEMORANDUM OF DECISION–12

Moreover, Debtor made no argument regarding any of those three factors in her motion or at the January 30, 2023 hearing. Nevertheless, the Court will briefly address them.

### 2. *Irreparable Injury*

It is possible Debtor may be able to establish that she will suffer irreparable injury if this Court does not grant a stay pending appeal. This Court's order denying the continuation of the automatic stay and the order dismissing Debtor's second bankruptcy case may permit Debtor's creditors to return to the state court to exercise their remedies. In essence, these creditors are seeking to evict the Debtor and/or to foreclose their liens on Debtor's property in accordance with the relief they obtained before the bankruptcy filings. If this occurs before the appeal is heard, the Debtor will suffer irreparable injury. As such, the Debtor has proven this factor.

### 3. *Harm to the Appellees*

If the Court stays its orders, it will harm the appellees. It is understood that these creditors who obtained relief in the state courts have been delayed in implementing that relief. Debtor is not offering any bond to cover their accruing costs, fees, and interest on the indebtedness. As there is harm to both Trust and WaFd Bank, Debtor has failed to satisfy this third factor.

### 4. *Public Interest*

Finally, in discussing the public interest, this Court is mindful that in essence, these are two-party disputes over enforceability under state law of lien interests in Idaho property. Whether or not Trust or WaFd obtains title to the properties does not affect a public interest other than the public's right to expect Idaho's laws to promptly address

MEMORANDUM OF DECISION–13

property rights.  Debtor here asks that Idaho rights be permitted to be put on hold without any consideration paid for the delay.  While it is hard to discern much of a public interest here, the reality is that Debtor offers nothing to establish this factor.

## *Conclusion*

Debtor has failed in her burden to demonstrate that the four factors have been satisfied.  Consequently, the motion for a stay of all of this Court's orders pending appeal is denied.  A separate order will be entered.



DATED:  February 1, 2023

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION–14